## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER WARREN<br><br>        Plaintiff,<br><br>vs.<br><br>ASTON MARTIN LAGONDA OF<br>NORTH AMERICA, INC., d/b/a<br>ASTON MARTIN, a Foreign Profit<br>Corporation,<br><br>        Defendant. | CIVIL ACTION<br>FILE NO.:  2:26-cv-12414 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Aston Martin Lagonda of North America, Inc., a Connecticut corporation (hereinafter "Aston Martin"), through undersigned counsel, hereby removes and gives notice of removal of the above-captioned case to the United States District Court for the Eastern District of Michigan, Southern Division, from the Circuit Court for the County of Wayne, Michigan, where Plaintiff originally filed it on June 15, 2026. Aston Martin was served on June 17, 2026. True and correct copies of all process and pleadings served upon Aston Martin in that action are attached to this Notice. (**Exhibit A** – Plaintiff's Complaint and Jury Demand).

**Statement of Grounds for Removal**

1.      On June 15, 2026, Plaintiff filed a lawsuit in the Circuit Court for the County of Wayne, Michigan, entitled: *Christopher Warren v. Aston Martin Lagonda of North America, Inc.*, Case No. 26-010169-NZ, alleging cause of action related to the purchase of a 2026 Aston Martin Vantage S (VIN: SCFSMGMW0TGN11841) ("Subject Vehicle").

2.      Aston Martin was served with the Complaint on June 17, 2026. *See* (**Exhibit B** – Service Document). Accordingly, this Notice of Removal is timely filed. There have been no further proceedings in state court action.

3.      Aston Martin does not admit or concede Plaintiff's damages claims. However, Plaintiff alleges to have suffered damages that include, but are not limited to, the Subject Vehicle's cash price, which totals $323,100.00. *See* (**Exhibit A** at ¶ 3); (**Exhibit C** – Plaintiff's Purchase Agreement). As such, the amount in controversy is at a minimum $323,100.00, exclusive of interests and costs. *See id*.

4.      This Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's cause of action arises under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., and alleges an amount in controversy in excess of the jurisdictional threshold under that statute of $50,000. *See id*. at § 2310(d)(3)(B).

2

5.      This Court has supplemental jurisdiction over Plaintiff's remaining state claims pursuant to 28 U.S.C. § 1367(a) because such claims "are so related to [Plaintiff's Magnuson-Moss Warranty Act claim] that they form part of the same case or controversy under Article III of the United States Constitution."

6.      Additionally, this Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendant; and Plaintiff has alleged an amount in controversy exceeding $75,000, exclusive of interests and costs. (**Exhibit A** at ¶3).

7.      The Circuit Court for the County of Wayne, Michigan (where Plaintiff elected to file suit)[1], is located in the Eastern District of Michigan, Southern Division. Therefore, although Plaintiff resides in western Michigan, venue is proper in Wayne County because Defendant's Michigan registered office is located in Plymouth.

8.      Moreover, venue for removal is proper pursuant to 28 U.S.C. § 102 because this is the "district and division within which [the] action is pending[.]" 28 U.S.C. § 1446(a).

9.      A copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Circuit Court for the County of Wayne, Michigan, pursuant to 28 U.S.C. § 1446(d).

---

[1] *See* MCL 600.1621(a).

**<ins>This Court Has Original Jurisdiction Over Plaintiff's Magnuson-Moss Warranty Act Claim Pursuant to 28 U.S.C. § 1331 (Federal Question)</ins>**

10.     Plaintiff alleges a cause of action pursuant to the Magnuson-Moss Warranty Act, along with five closely related state claims. *See* (**Exhibit A** at ¶¶43-54). Accordingly, there is a basis of removal for federal question jurisdiction pursuant to 28 U.S.C. § 1331.

11.     Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law under 28 U.S.C. § 1331 if federal law either creates the cause of action or the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal law. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27-28 (1983).

12.     This Court has original Jurisdiction of Plaintiff's federal Magnuson-Moss Warranty Act claim because it "arises under" a federal statute, 15 U.S.C. § 2301 *et seq*.

13.     Further, Section 2310(d)(1)(B) of the Magnuson-Moss Warranty Act states that a consumer who is allegedly damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States, subject to paragraph (3) of this subsection."

4

14.     Section 2310(d)(3)(B) of the Magnuson-Moss Warranty Act dictates that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000.00 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit[.]"

15.     This Court has jurisdiction and removal is proper because the amount in controversy exceeds $50,000.00, exclusive of interests and costs, for the following reasons:

A.     This action arises out of Plaintiff's purchase of a 2026 Aston Martin Vantage S (VIN: SCFSMGMW0TGN11841).

B.     Aston Martin does not admit or concede Plaintiff's damages claim. However, Plaintiff alleges his damages include, but are not limited to, the cash price of the Subject Vehicle. *See* (Exhibit A at ¶ 3).

C.     The cash price of the Subject Vehicle totals approximately $321,100.00, before fees, taxes, and any trade-in credit.

D.     Therefore, the amount in controversy as alleged is, at a minimum, $321,100.00.

16.     "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the

plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

17.     Thus, the amount in controversy requirement of the Magnuson-Moss Warranty Act is satisfied.

### This Court Has Supplemental Jurisdiction Over Plaintiff's State Claims Pursuant to 28 U.S. § 1367

18.     Federal district courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

19.     This Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's cause of action arises under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., and satisfies the necessary amount in controversy under that statute. See id. at § 2310(d)(3)(B).

20.     In addition to the federal Magnuson-Moss Warranty Claim, the Complaint alleges five closely related state law claims all pertaining to obligations to repair the 2026 Aston Martin Vantage S: (1) Breach of Express Warranties; (2) Breach of Implied Warranty of Merchantability; (3) Violation of Michigan Consumer Protection Act; (4) Violation of MCL 440.231b – Extension of Express Warranty; and (5) Violation of Michigan Lemon Law. *See generally* (**Exhibit A**).

21.     This Court has interpreted supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to apply if "[the plaintiff's] state and federal claims 'derive from a common nucleus of operative fact.'" *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 998 (E.D. Mich. 1996) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

22.     As such, the federal and state claims must share the same "operative facts." *Id.*

23.     Furthermore, "if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *United Mine Workers of Am.*, 383 U.S. at 725 (further citations omitted).

24.     In the present matter, Plaintiff's federal and state claims not only "derive from a common nucleus of operative fact," *id.*, but indeed share the same set of facts: (1) Plaintiff purchased the Subject Vehicle; and (2) the Subject Vehicle allegedly bears defects and non-conformities which Plaintiff alleges entitles him to relief under each of his federal and state claims. *See* (**Exhibit A**).

25.     Accordingly, Plaintiff's claims all derive from the same alleged defects and nonconformities of the Subject Vehicle and would ordinarily be expected to be tried in one judicial proceeding.

7

## This Court Also Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332 (Diversity)

26.     In addition to Federal Question Jurisdiction, removal is proper pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between parties: Plaintiff is a citizen of Michigan and Defendant is a citizen of New York and Connecticut. (**Exhibit A** at ¶1).

27.     Based on information and belief, Plaintiff is a resident of Michigan. *Id.* at ¶1.

28.     Defendant is a Connecticut Corporation with its principal place of business in New York.

29.     In his Complaint, Plaintiff states that Defendant is authorized to do business in Michigan and has a registered agent located in Plymouth, Wayne County, Michigan. *Id*. at ¶2.   However, these statements are insufficient to establish Defendant's citizenship for purposes of diversity jurisdiction.

30.     A corporation is a citizen in its state of incorporation and in the state it maintains its principal place of business; being licensed to conduct business in a state or having a resident agent in the same state does not make a corporation a citizen of that state. *See Nyberg v. Montgomery Wars & Co.*, 123 F. Supp 599, at 606 (W.D. Mich. 1959) (holding that an Illinois corporation did not become a Michigan corporation or citizen merely by obtaining a license to do business in Michigan and

appointing a resident agent; thus, retaining the right of removal to federal court on grounds of complete diversity of citizenship.)

31. As such, complete diversity of citizenship exists under 28 U.S.C. § 1332.

### All Procedural Requirements Have Been Satisfied

32. Aston Martin has not served an Answer or responsive pleading to Plaintiff's Complaint, nor made any appearance or argument before the Circuit Court for the County of Wayne, Michigan. Aston Martin submits this Notice without waiving any of its rights and defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded claims upon which relief can be granted. Aston Martin also does not admit any of the factual allegations in Plaintiff's Complaint, and instead reserves the right to contest those allegations at the appropriate time.

33. This Notice of Removal timely pursuant to 28 U.S.C. §1446(b), as it is filed "within 30 days after the receipt by [Aston Martin], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *Id*. Plaintiff filed this action in the Circuit Court for the County of Wayne, Michigan, on June 15, 2026, and Aston Martin was served on June 17, 2026.

34. In accordance with 28 U.S.C. §1446(d), concurrently with filing this Notice of Removal, Aston Martin will give written notice of the removal to Plaintiff

9

and will file a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court for the County of Wayne, Michigan.

35.     All other prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

WHEREFORE, Defendant Aston Martin removes the above-mentioned state court action from the Circuit Court for the County of Wayne, Michigan and requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in State Court.

Dated: July 15, 2026.

Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: */s/ Matthew G. Berard*
Matthew G. Berard (P77024)
Kimberley A. Parrish (P87113)
BOWMAN AND BROOKE LLP
101 West Big Beaver Road, Suite 1100
Troy, MI 48084
248.205.3300 ph. / 248.205.3399 fax
matthew.berard@bowmanandbrooke.com
kimberley.parrish@bowmanandbrooke.com

*Attorneys for Defendant Aston Martin Lagonda of North America, Inc., d/b/a Aston Martin*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **July 15, 2026**, a copy of the foregoing document was electronically served via electronic mail to the following:

Dani K. Liblang (P33713)
THE LIBLANG LAW FIRM, P.C.
346 Park Street, Suite 200
Birmingham, MI 48009
248.540.9270 ph.
danil@lemonlawlawyers.com

*Attorney for Plaintiff*

**BOWMAN AND BROOKE LLP**

By: */s/ Matthew G. Berard*
     Matthew G. Berard (P77024)
     Kimberley A. Parrish (P87113)
     BOWMAN AND BROOKE LLP
     101 West Big Beaver Road, Suite 1100
     Troy, MI 48084
     248.205.3300 ph. / 248.205.3399 fax
     matthew.berard@bowmanandbrooke.com
     kimberley.parrish@bowmanandbrooke.com

     *Attorneys for Defendant Aston Martin Lagonda of North America, Inc., d/b/a Aston Martin*

11