# EXHIBIT A

Vitali Ilyich   6/15/2026 9:16 AM   Cathy M. Garrett   WAYNE COUNTY CLERK   26-010169-NZ FILED IN MY OFFICE

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

CHRISTOPHER WARREN

       Plaintiff,

vs.

ASTON MARTIN LAGONDA OF NORTH
AMERICA, INC., d/b/a ASTON MARTIN, a
Foreign Profit Corporation

      Defendant.

Case: 26-      -NZ
HON.

THE LIBLANG LAW FIRM, P.C.
DANI K. LIBLANG (P33713)
SUSAN M. MARTIN (P47459)
Attorneys for Plaintiff
346 Park Street, Suite 200
Birmingham, MI 48009
(248) 540-9270

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in the above entitled cause.

Respectfully submitted,

THE LIBLANG LAW FIRM, P.C.,

BY:*/s/ Dani K. Liblang*
  DANI K. LIBLANG (P33713)
  SUSAN M. MARTIN (P47459)
Attorneys for Plaintiff
346 Park Street, Suite 200
Birmingham, MI 48009
(248)540-9270
danil@lemonlawlawyers.com

DATED: June 15, 2026

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CHRISTOPHER WARREN

      Plaintiff,

vs.

ASTON MARTIN LAGONDA OF NORTH
AMERICA, INC., d/b/a ASTON MARTIN, a
Foreign Profit Corporation

      Defendant.

Case: 26-      -NZ
HON.

THE LIBLANG LAW FIRM, P.C.
DANI K. LIBLANG (P33713)
SUSAN M. MARTIN (P47459)
Attorneys for Plaintiff
346 Park Street, Suite 200
Birmingham, MI 48009
(248) 540-9270

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or
occurrence as alleged in this complaint pending in this court, nor has any such action been
previously filed and dismissed or transferred after having been assigned to a judge, nor do I know
of any other civil action, not between these parties, arising out of the same transaction or
occurrence as alleged in this complaint that is either pending or was previously filed and
dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

Plaintiff, by his attorneys, The Liblang Law Firm, P.C., complains against the above

named Defendant, as follows:

### GENERAL ALLEGATIONS

1.     Plaintiff is a resident of the City of Saint Joseph, Berrien County, Michigan.

2.     Defendant, Aston Martin Lagonda of North America, Inc., d/b/a Aston Martin

("Manufacturer"), is a Foreign Profit Corporation authorized to do business in the State of Michigan

and, at all times relevant hereto, was engaged in the manufacture, sale, distribution and/or importing

of Aston Martin motor vehicles and related equipment, with its registered agent located in the City of Plymouth, Wayne County, Michigan.

3. On or about March 12, 2026, Plaintiff purchased a new 2026 Aston Martin Vantage S, SCFSMGMW0TGN11841 (the "vehicle"), with odometer reading 29, from non-party Napleton's Goldcoast Imports Inc ("Dealer") in Downers Grove, IL, which motor vehicle was manufactured, distributed and/or imported by the Defendant Manufacturer for a total price of $323,100 (See, Retail Purchase Agreement, Ex. A).

4. At the time of delivery, the aforesaid vehicle was covered by Defendant Manufacturer's written express new vehicle warranty for 3-year unlimited mileage Powertrain Limited Warranty; and a 3-year unlimited mileage Basic Limited Warranty and 10-year unlimited mileage Anti Perforation Corrosion Warranty (warranty documents in possession of Defendant).

5. On or about March 31, 2026, Defendant Manufacturer's authorized dealer Napleton's Goldcoast Imports Inc. attempted delivery of the vehicle to Plaintiff's home, but Plaintiff did not accept delivery of the vehicle because the vehicle's check engine light was illuminated. The Dealer immediately took the vehicle back for repair.

6. On or about April 16, 2026, Defendant Manufacturer's authorized dealer Napleton's Goldcoast Imports Inc. attempted delivery for a second time and again Plaintiff did not accept delivery of the vehicle because the check engine light was still illuminated. The Dealer immediately took the vehicle back for repair.

7. As of the date of filing this Complaint, Plaintiff has never taken possession of the vehicle which has been returned and at the Dealer for repairs for approximately 73 days and counting due to the check engine light being on, which prevented the vehicle from conforming to Defendant Manufacturer's express warranties, and which substantially impair the use, value and safety of the vehicle.

2

8.     As of the filing of this complaint Plaintiff has never taken delivery of the vehicle and it remains with the Dealer for repair due to the illuminated check engine light.

9.     Despite the aforesaid repair attempts, the defects or conditions set forth above continue to exist.

10.    Prior to filing this action, Plaintiff provided written notice on May 20, 2026, pursuant to MCL 257.1403(5)(b), demanding that the aforesaid defects or conditions be repaired (see, "Last Chance" Letter, Ex. B).

11.    Despite the aforesaid written notice Defendant failed to repair the defects or conditions within 5 business days, and the defects or conditions continued to exist as of the date of filing this Complaint.

12.    As a result of the serious nature of the defects or conditions involved, as well as the length of time that the vehicle was out of service for repairs and the fact that Plaintiff has yet to take delivery of the vehicle, Plaintiff's faith and confidence in the vehicle has been irretrievably shaken, and the use, value and safety of the vehicle have been substantially impaired.

13.    As a result of Defendant's inability to properly and timely diagnose and repair the subject vehicle within a reasonable time, Defendant Manufacturer's written new warranty has failed of its essential purpose.

14.    Plaintiff seeks damages in excess of $25,000 and/or equitable relief and this cause is otherwise within the jurisdiction and venue of this Court.

## COUNT I

### BREACH OF EXPRESS WARRANTIES

15.    Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

16.    Plaintiff is a "buyer" under the Michigan Uniform Commercial Code, MCL 440.2103.

3

17. Defendant is a "seller" under the Michigan Uniform Commercial Code, MCL 440.2103.

18. The subject vehicle constitutes "goods" under the Michigan Uniform Commercial Code, MCL 440.2105.

19. This is a "transaction in goods" to which MCL 440.2102 is applicable.

20. Plaintiff's purchase of the subject vehicle was accompanied by an express warranty, written and otherwise offered by Defendant Manufacturer, whereby said warranty was part of the basis of the bargain of the contract upon which Plaintiff relied, between Plaintiff and Defendant Manufacturer and for its sale of the subject vehicle.

21. Said vehicle was not as warranted and represented in that the vehicle has the defects or conditions described above, as well as defects or conditions as reflected in the various repair orders, technical service bulletins, special service messages, recall documents and consumer complaints in possession of Defendant.

22. As a result of its many defects, said vehicle cannot be reasonably relied on by Plaintiff for the ordinary purpose of safe, comfortable, attractive and efficient transportation.

23. Plaintiff has provided the Defendant with sufficient opportunities to repair or replace the subject vehicle.

24. Plaintiff has reasonably met all obligations and pre-conditions as provided in the express warranty.

25. Defendant has failed to adequately repair the subject vehicle and/or have not repaired the subject vehicle in a timely fashion, and the vehicle remains in a defective condition.

4

26.     Even though the express warranty provided to Plaintiff limited Plaintiff's remedy to repair and/or adjust defective parts, the subject vehicle's defects have rendered the limited warranty ineffective to the extent that the limited repair and/or adjustment of defective parts failed of its essential purpose, pursuant to MCL 440.2719(2) and/or the above remedy is not the exclusive remedy under MCL 440.2719(1)(b).

27.     The subject vehicle continues to contain defects which substantially impair the value of the vehicle to Plaintiff.

28.     These defects and non-conformities could not reasonably have been discovered by Plaintiff prior to Plaintiff's acceptance of the subject vehicle.

29.     Defendant induced Plaintiff's acceptance of the subject vehicle by failing to disclose the aforesaid defects, and by agreeing, by means of the express warranty, to remedy, within a reasonable time, those defects which had not been or could not have been discovered prior to acceptance.

30.     As a result of its many defects, the Plaintiff has lost faith and confidence in the subject vehicle and the Plaintiff cannot reasonably rely upon the vehicle for the ordinary purpose of safe, efficient and comfortable transportation.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment against Defendant granting the following relief:

a.     Declare that acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance or, alternatively, damages in whatever amount above $25,000 Plaintiff is found to be entitled;

b.     A refund of the purchase price paid by Plaintiff for the vehicle;

5

c.      Incidental, consequential and actual damages;

d.      Costs, interest, and actual attorney fees; and

e.      Such other relief this Court deems just and equitable.

## COUNT II

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

31.     Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

32.     Defendant is a "merchant" with respect to motor vehicles under the Michigan Uniform Commercial Code, MCL 440.2104.

33.     The vehicle was subject to implied warranties of merchantability under MCL 440.2314.

34.     The subject vehicle was not fit for the ordinary purpose for which such goods are used and/or the vehicle would not pass without objection in the trade for the product description at the time it left the control of Defendant.

35.     The defects and problems hereinbefore described rendered the subject vehicle unmerchantable.

36.     Defendant failed to adequately remedy the defects in the subject vehicle within a reasonable time; and the vehicle continues to be in unmerchantable condition at the time of filing this Complaint.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment against Defendant granting the following relief:

6

include the purchase price of the vehicle...and repayment of interest paid on the loan and statutory interest pursuant to MCL 600.6013(8), to the extent that such awards of interest are not duplicative," *Davis v Forest River, Inc.*, 485 Mich 941, 774 NW2d 327 (2009), together with such additional incidental and consequential damages allowed by law.

WHEREFORE, Plaintiff prays that this Honorable Court enter its Order requiring Defendant to accept return of the subject vehicle and refund Plaintiff's purchase price, together with incidental and consequential damages, interest, costs and reasonable attorney fees.

## COUNT IV

## LIABILITY UNDER MAGNUSON-MOSS WARRANTY ACT (15 USC §2301 ET SEQ)

43.    Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

44.    This Court has jurisdiction to decide claims brought under 15 USC §2301 et seq, by virtue of 15 USC §2310(d)(1)(A).

45.    Plaintiff is a consumer as defined in 15 USC §2301(3).

46.    Defendant is a supplier and warrantor as defined in 15 USC §2301(4)(5).

47.    The subject vehicle is a consumer product as defined in 15 USC §2301(6).

48.    The subject vehicle was delivered subject to a written warranty and/or a service contract as those terms are defined in 15 USC 2301(6) and 2301(8), respectively.

49.    15 USC §2301(a)(1), requires Defendant, as warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to Plaintiff, as defined in 15 USC §2304(d).

8

50. In connection with the aforesaid mechanical failures, which occurred during the time and mileage parameters of Defendant Manufacturer's written express warranty, Defendant failed to adequately repair same under the warranty and/or service contract within a reasonable time.

51. 15 USC §2310(d)(1) permits Plaintiff to bring an action against Defendant for any breach of express or implied warranty arising under state law, or breach of the service contract covering the vehicle, as well as any violation of the Act.

52. 15 USC §2308(a) prohibits Defendant from disclaiming the implied warranty of merchantability and 15 USC §2308(c) renders any attempted disclaimer invalid.

53. Despite repeated demands and despite the fact that Plaintiff has complied with all reasonable terms and conditions imposed on Plaintiff by Defendant, Defendant has failed and/or refused to remedy within a reasonable time and without charge, the defects or non-conformities heretofore set forth in this Complaint.

54. As a result of Defendant's breaches of express and implied warranties, Defendant's failure to remedy same within a reasonable time and without charge to Plaintiff, and Defendant's other violations of the Act as set forth in this Complaint, Plaintiff has suffered the damages set forth in this Complaint.

WHEREFORE, Plaintiff prays that this Honorable Court enter its Order requiring Defendant to accept return of the subject vehicle and refund Plaintiff's purchase price, together with taxes, insurance premiums, interest, costs and actual attorney fees as provided by 15 USC §2310(d)(2) or in the alternative, that Plaintiff be awarded damages in whatever amount above $25,000 Plaintiff is found to be entitled, plus interest, costs and actual attorney fees.

9

## COUNT V

## VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT
## MCL 445.901, ET EQ

55.     Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

56.     Plaintiff is a "person" as defined in the Michigan Consumer Protection Act, MCL 445.902(c).

57.     The transactions complained of herein constitute "trade or commerce" as defined in the Michigan Consumer Protection Act, MCL 445.902(d).

58.     In the course of the transactions which are the subject of this lawsuit, Defendant engaged in following unfair, unconscionable or deceptive acts or practices:

(a)     At the time of the aforesaid sale, Defendant knew or had reason to know that the vehicle had defects or non-conformities but, failed to disclose same to Plaintiff;

(b)     At the time of the aforesaid sale, Defendant represented the subject vehicle to be "new," and of good, merchantable quality, free of defects, when in fact it was not;

(c)     Defendant failed to adequately and properly inform Plaintiff of his rights and remedies with respect to the transactions which are the subject of this Complaint;

(d)     Defendant misrepresented Plaintiff's rights and/or failed to advise Plaintiff of remedies with respect to the transactions which are the subject of this Complaint, as hereinbefore alleged;

(e)     Defendant attempted to disclaim or limit the implied warranty of merchantability and fitness for use without clearly and conspicuously disclosing same;

(f)     Defendant attempted to disclaim or limit the implied warranty of merchantability

10

and fitness for use without obtaining Plaintiff's specific consent to the disclaimer or limitation;

(g)     Defendant entered into a consumer transaction in which the Plaintiff purportedly waived a right, benefit, or immunity provided by law, without clearly stating the waiver and obtaining Plaintiff's specific consent to the waiver;

(h)     Defendant has refused and/or failed to provide promised benefits, including but not limited to benefits that were expressly promised and those benefits implied or imposed by law;

(i)     Defendant failed to reveal material facts including but not limited to the nature of the non-conformities and defects complained of herein;

(j)     Defendant failed and/or refused to offer a refund of the payments made under the subject contract, in accordance with the applicable law and/or warranties;

(k)     Defendant failed and/or refused to promptly refund Plaintiff's money and/or restore his property to him upon his rightful revocation and cancellation of the subject transaction;

(l)     Defendant failed to disclose material information, including but not limited to, the technical service bulletins, special service messages, recall documents, consumer complaints and other information which Defendant knew or should have known concerning the subject vehicle.

59.     The above described conduct violated the Michigan Consumer Protection Act, specifically but not limited to MCL 445.903 and the sub-paragraphs contained therein.

60. Upon information and belief, the aforesaid violations were not due to a bona fide error, inasmuch as Defendant failed to have appropriate procedures in place designed to prevent the aforesaid violations and, further, engaged in the same unfair and deceptive acts or practices in connection with the sale and/or lease and repair of vehicles to other consumers.

61. As a result of the Defendant's actions above Plaintiff has suffered a loss within the meaning of the Act, both monetary and non-monetary, and is also entitled to statutory damages and attorney fees as provided in the Act, specifically, MCL 445.911.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Money damages in whatever amount above $25,000, Plaintiff is found to be entitled, plus interest, costs, exemplary damages and reasonable attorney fees;

B. Equitable relief, including but not limited to, rescission or reformation of the subject contract, or alternatively, repair of the subject vehicle, extension of the express and implied warranties, and service contracts which are or were applicable to the subject vehicle, in the event that Plaintiff is not found to be entitled to rescission; and

C. Such other and further relief as this Court deems just.

## COUNT VI

## VIOLATION OF MCL 440.2313b - EXTENSION OF EXPRESS WARRANTY

62. Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

63. The above described repairs required Plaintiff's vehicle to be out of service for a cumulative number of days exceeding either 10 days or 10% of the number of days of Defendant Manufacturer's express written warranty.

12

64. Pursuant to MCL 440.2313b, Defendant Manufacturer was required to extend the express warranty covering the subject vehicle to a period equal to the number of days that the vehicle was delivered to Defendant Manufacturer's authorized dealer for warranty repairs to the date that Plaintiff was informed that the necessary repairs had been completed.

65. Defendant Manufacturer and violated MCL 440.2313b by failing to provide Plaintiff with the required written extension of Defendant Manufacturer's written express warranty.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment against Defendant, granting the following relief:

A. Declare that acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance or, alternatively, damages in whatever amount above $25,000 Plaintiff is found to be entitled;

B. A refund of the purchase price paid by Plaintiff for the vehicle;

C. Equitable relief, including but not limited to, in the event that Plaintiff is found not to be entitled to a repurchase or replacement that the judgment provide that the express written warranty is extended as required by MCL 440.2313b;

D. Incidental, consequential and actual damages;

E. Costs, interest, and actual attorney fees; and

F. Such other relief this Court deems just and equitable.

## COUNT VII

### VIOLATION OF MICHIGAN LEMON LAW (MCL 257.1401, *et seq.*)

66. Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

13

67.     The foregoing defects were reported to Defendant Manufacturer and/or its authorized dealer within the time and mileage parameters of Defendant Manufacturer's written express new vehicle warranty and within one year from the date of delivery.

68.     Although Defendant was given notice and a reasonable opportunity to repair, Defendant was unable and/or refused to do so and the defects or non-conformities continued, despite being subject to repair four times for the same defect or condition during the first two years of ownership, pursuant to MCL 257.1403(5)(a) and/or having been out of service for repair attempts for more than 30 days or parts of days during the first year of ownership, pursuant to MCL 257.1403(5)(b).

69.     As a result of the aforesaid defects or conditions, the use and value of the vehicle to Plaintiff has been substantially impaired.

70.     Pursuant to MCL 257.1403(1), Defendant Manufacturer was required "within 30 days," to refund Plaintiff's purchase price or to replace Plaintiff's vehicle under the parameters set forth in MCL 257.1403(5).

71.     Despite the aforesaid statutory obligation, Defendant Manufacturer has failed to refund Plaintiff's purchase price or to replace Plaintiff's vehicle within the parameters of MCL 257.1403(5).

14

WHEREFORE, Plaintiff prays that this Honorable Court enter its Order requiring Defendant to refund Plaintiff's purchase price, together with vehicle payments, taxes, towing, rental reimbursement, interest, costs, and actual attorney fees as provided by MCL 257.1401, *et seq.*, or in the alternative, that Plaintiff be awarded damages in whatever amount above $25,000 Plaintiff is found to be entitled, plus interest, costs, and actual attorney fees.

Respectfully submitted,

THE LIBLANG LAW FIRM, P.C.,

BY:*/s/ Dani K. Liblang*
        DANI K. LIBLANG (P33713)
Attorneys for Plaintiff
346 Park Street, Suite 200
Birmingham, MI 48009
(248) 540-9270
danil@lemonlawlawyers.com

DATED: June 15, 2026

15

# Exhibit A

Docusign Envelope ID: 99D3EEF6-7640-811F-83A4-9C70FF44F834



Napleton's Aston Martin of Chicago
217 Ogden Avenue
Downers Grove, IL, 60515
(630) 415-1933
www.napletonsastonmartinofchicago.com

## RETAIL PURCHASE AGREEMENT

Purchaser's Name(s): **Christopher Warren**

Address:

Home Telephone:                    Work Telephone:

Email Address:                         State I.D.#

Deal Number:
Date: **03/12/2026**
County: **Berrien**
DOB:
Issuing State:        Exp. Date:

The above information has been requested so that we may verify your identity. By signing below, you represent that you are at least 18 years of age and have authority to enter into this Agreement. The Odometer Reading for the Vehicle you are purchasing is accurate unless indicated otherwise. Please refer to the Federal Mileage Statement for full disclosure.

| YEAR | NAME | MODEL | COLOR | STOCK NO. |
|---|---|---|---|---|
| 2026 | Aston Martin | Vantage S | Apex Grey | |

| VIN/SERIAL NO. | ODOMETER READING | SALESPERSON |
|---|---|---|
| SCFSMGMW0TGN11841 □ Not Accurate | 29 | Norbert Sobotko |

THE VEHICLE IS: ☑ NEW  □ USED      PRIOR USE DISCLOSURE: □ DEMONSTRATOR  □ EXECUTIVE  □ RENTAL  □ OTHER

| | | |
|---|---|---|
| | CASH PRICE OF VEHICLE | 323,100.00 |
| | Enclosed Delivery | included |
| | | |
| | | |
| | | |
| | | |
| | | |
| □ With the attached 30 day Power Train Warranty. Any implied warranties are limited in duration to the term of the Power Train Warranty. Our share of the repair cost is: | | |
| □ If Vehicle is not more than 2 years old, 50% of the total repair costs. □ If Vehicle is 2 or more years old, but less than 3 years old, 25% of the total repair costs. □ If Vehicle is 3 or more years old, but less than 4 years old, 10% of the total repair costs. | | |
| □ With the attached Used Vehicle Limited Warranty. Any implied warranties are limited in duration to the term of the Limited Warranty. | DOCUMENTARY FEE* (See Reverse Side) | 377.63 |
| □ AS-IS: THIS VEHICLE IS SOLD AS IS WITH NO WARRANTY AS TO MECHANICAL CONDITION. You will bear the entire expense of repairing or correcting any defects that presently exist or that may occur in the Vehicle. We expressly disclaim all express and implied warranties, including any implied warranties of merchantability and fitness for a particular purpose. | TOTAL SELLING PRICE | 323,477.63 |
| □ With a Service Contract between you and ___ Napleton Aston Martin Maserati ___, | LESS: TRADE-IN ALLOWANCE | 175,000.00 |
| X                                  X | | |
| | SUBTOTAL | 148,477.63 |

| Year | Make | Model | Color | | |
|---|---|---|---|---|---|
| 2021 | Aston Martin | DB11 | white | Taxes | 8,932.60 |
| VIN/Serial No.: SCFRMFEVXMGL10741 | | Odometer Reading: □ Not Accurate  5440 | | License & Title | 439.00 |
| Trade-In Allowance: 175,000.00 | | Balance Owed & Lienholder: 0.00 | | Payoff | |
| | | | | TOTAL DUE | 157,849.23 |

□ IF THIS BOX IS MARKED, PLEASE SEE ATTACHED DELIVERY CONFIRMATION
□ IF THIS BOX IS MARKED, PLEASE SEE ATTACHED SPOT DELIVERY AGREEMENT

| | |
|---|---|
| □ DEPOSIT/□ PARTIAL PAYMENT (If Deposit, see Deposit Receipt) | |
| Rebate & Incentives | |
| UNPAID BALANCE DUE | |

The front and back of this Agreement and any documents which are a part of this transaction or incorporated herein comprise the entire agreement affecting this Retail Purchase Agreement and no other agreement or understanding of any nature concerning the same has been made or entered into, or will be recognized. I have read the terms and conditions of this Agreement, including the terms and conditions that appear on the reverse side, and agree to them as if they were printed above my signature. I further acknowledge receipt of a copy of this Agreement. This Agreement shall not become binding until signed and accepted by an Authorized Dealership Representative. If the box beside "AS IS" is marked in the Warranty Statement Section above, then THIS VEHICLE IS SOLD AS IS WITH NO WARRANTY AS TO MECHANICAL CONDITION.

Purchaser: **CHRISTOPHER J WARREN**
DD1CD2F4S884E3...

Purchaser: _____

Accepted by Authorized Dealership Representative

OUT OF STATE

# Exhibit B

# THE LIBLANG LAW FIRM, PC

Attorneys and Counselors At Law

**Attorneys**
*Dani K. Liblang*
*Susan M. Martin*
*Eric J. Liblang*

**Of Counsel**
*Cynthia Geller*
*Alan Latham*

— ◇ —

**Legal Assistants**
*Krista E. Muskovin*
*Stephanie D. Ahmad*
*Julie A. Weaver*
*Ella K. DeMasse*

May 20, 2026

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
National After Sales Manager,
Aston Martin Lagonda of North America Inc.,
9920 Irivine Center Drive
Irvine, CA 92618

> RE:   Customer:      Christopher Warren
>          Vehicle:         2026 Aston Martin Vintage CP
>          VIN:             SCFSMGMW0TGN11841
>          Delivery Date: March 16, 2026
>          Dealer:          Napleton's Goldcoast Imports Inc.

To Whom It May Concern:

This law firm has been retained by Christopher Warren with respect to problems experienced with the above referenced vehicle. All further communication with this customer must be directed through our office.

We are writing pursuant to MCLA 257.1401, *et seq*, to request a final repair attempt with respect to the above vehicle.

Your records should reflect that Mr. Warren has not taken delivery of the vehicle. The first attempt at delivery was March 31, 2026 and the check engine light was on so Mr. Warren did not take delivery. The vehicle was again attempted for delivery on April 16, 2026 and again the engine light was on. Mr. Warran has yet to take delivery and the vehicle has been in for repairs for approximately 51 days and counting for defects, including but not limited to the check engine light being on.

Under MCLA 257.1403(3)(b), we are requesting that the above problem be fully repaired within five (5) business days as the vehicle is currently in for repair.

We are also requesting, pursuant to MCLA 440.2609 that you provide us with adequate assurance of performance in writing, including assurance that the vehicle has been permanently and satisfactorily repaired,

---

346 Park Street, Birmingham, Michigan 48009
Telephone: 248-540-9270 ◇Fax: 248-433-1989
www.lemonlawlawyers.com



# THE LIBLANG LAW FIRM, PC

Attorneys and Counselors At Law

and that in the event that it has not been permanently and satisfactorily repaired, Mr. Warren will be offered a refund and cancellation of the contract within the time periods prescribed under the Lemon Law.

Thank you for your time and consideration.

Very truly yours,

*Dani K. Liblang/ed*

Dani K. Liblang

DKL/ed
cc:    Christopher Warren

346 Park Street, Birmingham, Michigan 48009
Telephone: 248-540-9270 ◊ Fax: 248-433-1989
www.lemonlawlawyers.com

